1  Jennifer N. Lutz, Esq., Bar No. 190460
2  Rio F. Schwarting, Esq., Bar No. 323363
   **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
   11622 El Camino Real, Suite 300
3  San Diego, CA 92130
   Telephone: (858) 755-8500
4  Facsimile: (858) 755-8504
   E-mail: jlutz@pettitkohn.com
5          rschwarting@pettitkohn.com

6  Attorneys for Defendant
   **TREK RETAIL CORPORATION**

7

8                  **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11  RAUL FRIAS-ESTRADA,                    CASE NO.:    4:20-cv-7471
    individually, and on behalf of all
12  others similarly situated,             **NOTICE OF REMOVAL OF
                                           ACTION PURSUANT TO 28 U.S.C.
13                       Plaintiff,        SECTIONS 1332 AND 1441(b)**

14  v.

15  TREK RETAIL CORPORATION, a             Courtroom:
    Wisconsin corporation, and DOES 1      District Judge:
16  through 10, inclusive,                 Magistrate Judge:
                                           Complaint Filed:  September 22, 2020
17                       Defendants.       Trial Date: Not set

18

19           TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20           PLEASE TAKE NOTICE that Defendant Trek Retail Corporation

21  ("Defendant"), by and through its counsel, hereby remove the above-entitled action

22  filed by Plaintiff Raul Frias-Estrada ("Plaintiff") in the Superior Court of the State

23  of California, County of Contra Costa, Case No. C20-01916 to the United States

24  District Court, Northern District of California, pursuant to 28 U.S.C. §§ 1332 and

25  1441 (b), and respectfully alleges as follows:

26  ///

27  ///

28  ///

                                          1

1.    On September 22, 2020, a class action was commenced in the Superior Court of the State of California, County of Contra Costa, entitled *Raul Frias-Estrada v. Trek Retail Corporation*, Case Number C20-01916 ("the State Action"). A copy of the class action complaint filed in the State Action is attached hereto as Exhibit 1.  Declaration of Jennifer N. Lutz ("Lutz Dec."), ¶ 3.

2.    Defendant was served with a copy of the class action complaint in the State Action and a summons from the State Court on September 25, 2020.  A copy of the summons is attached hereto as Exhibit 2.  Lutz Dec., ¶ 4.

3.    Based on a review of the State Court file as of October 21, 2020, no other Defendant has been served with any summons or complaint in the State Action.  Lutz Dec., ¶ 5.

4.    Plaintiff's class action complaint purports to assert eights causes of action including:  (1) failure to pay minimum wages; (2) failure to pay overtime premium pay; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to provide wages upon termination or discharge; (6) California record-keeping provisions; (7) failure to reimburse business expenses; and (8) violations of California's unfair competition laws.  The "Class" was defined as "[a]ll persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning for years before the filing of the initial complaint in this action and ending when notice to the Class is sent."  See Exhibit 1.  Lutz Dec., ¶ 6.

5.    The complaint seeks to recover compensatory damages, unpaid wages, liquidated damages, statutory penalties, injunctive relief, interest, attorneys' fees, and costs.  See Exhibit 1.  Lutz Dec., ¶ 7.

///

///

///

///

# I.

## JURISDICTION UNDER 28 U.S.C. SECTION 1332 (d)(2)

**A.** **Citizenship of the Parties**

6.    District courts shall have original jurisdiction of any civil action in which the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" pursuant to 28 U.S.C. section 1332 (d) and removable pursuant to 28 U.S.C. sections 1441 (a) and (b).

7.    Plaintiff alleges that he is a citizen of the state of California.  See Exhibit 1, ¶¶ 7, 8.  Therefore, Plaintiff in is a citizen of California.

8.    Plaintiff's naming of unidentified "Doe" defendants is irrelevant to removability.  See 28 U.S.C. section 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1424 (9th Cir. 1989) (holding that naming Doe defendants cannot defeat diversity jurisdiction).

9.    Plaintiff alleges that Defendant is a corporation formed in Wisconsin. See Exhibit 1, ¶ 9; Exhibits 3 and 4; and Declaration of David Durfey ("Durfey Dec."), ¶ 2.  Defendant's principal place of business is at its headquarters in Wisconsin.  Durfey Dec., ¶ 2; Exhibits 3 and 4.  Attached hereto as Exhibit 3 is a copy of Defendant's corporate information from the California Secretary of State Business Search.  Lutz Dec., ¶ 8.  Attached hereto as Exhibit 4 is a copy of Defendant's corporate information from Wisconsin.  Lutz Dec., ¶ 9.  Accordingly, Defendant is not a citizen of California.

10.    In light of the foregoing, Defendant has established that the matter meets the minimal diversity requirements of 28 U.S.C. section 1332(d)(2)(A).  Lutz Dec., ¶ 10.

///

2014-2004

NOTICE OF REMOVAL OF ACTION
CASE NO.

**B.**     **Case is a Class Action**

11.     This case is a class action within the meaning of 28 USC sections 1332(d)(1)(b), 1332(d)(2), and 1453.  Those statutes provide that a class action filed either under Rule 23 of the Federal Rules of Civil Procedure or a similar state statute or rules that authorizes one or more representative persons to maintain a class action.  28 U.S.C. §§ 1332(d)(1)(b) and 1453.  In this case, Plaintiff's class action complaint expressly states that "Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382."  See Exhibit 1, ¶ 23.

**C.**     **Number of Class Members Exceeds 100**

12.     In the class action complaint, Plaintiff claimed that though the membership of the entire class is unknown to Plaintiff at this time, "…the Class is estimated to be greater than 40 individuals."  Exhibit 1, ¶ 28.

13.     The class action complaint defines the class as "[a]ll persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning for years before the filing of the initial complaint in this action and ending when notice to the Class is sent."   Exhibit 1, ¶ 25.

14.     Based on the definition of the class in the class action complaint, Defendant investigated potential membership of the class.  Durfey Dec., ¶ 5.  Based on Defendant's internal investigation, there are approximately 316 individuals who were employed as an hourly-paid or non-exempt employee in California during the class period.  Durfey Dec., ¶ 6.

**D.**     **Amount in Controversy**

15.     The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of Defendant's liability.  *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

NOTICE OF REMOVAL OF ACTION
CASE NO.

2014-2004

16.     Although Plaintiff's class action complaint does not specify the amount of compensatory damages that Plaintiffs are seeking, given the approximate number of persons in the class, it is "facially apparent" from the class action that the amount in controversy "more likely than not" exceeds the jurisdictional minimum. See *Sanchez v. Monumental Life Ins. Co*. (9th Cir. 1996) 102 F.3d 398, 404; *Abrego v. Dow Chem. Co*. (9th Cir. 2006) 443 F.3d 676, 683.

17.     Plaintiff's first cause of action seeks compensation for all hours worked. Plaintiff also allege that pursuant to California Labor Code section 1194.2, he and the class are entitled to recover liquidated damages (doubled damages) for Defendant's alleged failure to pay Plaintiff and the class compensation for all hours worked. Plaintiff has not provided any facts that establish how many hours the named Plaintiff or any other class members worked. See Exhibit 1, ¶¶ 32-41. However, these alleged damages would increase the total amount in controversy.

18.     Plaintiff's second cause of action also seeks overtime pay for more than eight hours worked in a day and more than forty hours worked in a week at a rate of 1.5 times the regular rate of pay. Plaintiff has not provided any facts that establish how many overtime hours Plaintiff or any other class members worked, but this unpaid overtime increases the total amount in controversy. See Exhibit 1, ¶¶ 42-51.

19.     Plaintiff also seeks meal period premium pay in the amount of one hour of wages per violation per employee. Plaintiff has not provided any facts that establish how many meal periods were not provided to Plaintiff or any other class members. See Exhibit 1, ¶¶ 52-55. Nevertheless, these allegations would increase the total amount in controversy.

20.     Plaintiff also seeks rest period premium pay in the amount of one hour of wages per violation per employee. Plaintiff has not provided any facts that establish how many rest breaks were not provided to Plaintiff or any other class members, but allegations of rest period premium pay would increase the total

1    amount in controversy.  See Exhibit 1, ¶¶ 56-59.

2         21.    Plaintiff also seeks waiting time penalties in his sixth cause of action

3    pursuant to Labor Code section 203.  See Exhibit 1, ¶¶ 60-66.  Waiting time

4    penalties are up to 30 days of pay per class member.  Lab. Code, § 203.  These

5    allegations would increase the total amount in controversy.

6         22.    Plaintiff seeks injunctive relief and damages for allegedly failing to

7    keep accurate wage statements pursuant to California Labor Code sections 226.

8    See Exhibit 1, ¶¶ 67-74.  These allegations increase the amount in controversy.

9         23.    Plaintiff alleges in his seventh cause of action that Defendant failed to

10   reimburse employees for business expenses as required by Labor Code

11   section 2802.  See Exhibit 1, ¶¶ 75-79.  Plaintiff has not provided any facts that

12   establish the amount of business expenses incurred by Plaintiff or any other class

13   members, but these allegations increase the total amount in controversy.

14        24.    Plaintiff seeks injunctive relief and attorneys' fees for alleged

15   violations of California's Unfair Competition Law for eight alleged unlawful,

16   unfair, deceptive, or fraudulent practices in his eighth cause of action.  See

17   Exhibit 1, ¶¶ 80-97.  This also increases the amount in controversy.

18        25.    Plaintiff seeks attorneys' fees for all eight causes of action.  See

19   Exhibit 1, ¶¶ 41, 50, 66, 74, 79, 97.[1]  These potential fees should also be considered

20   in determining the amount in controversy.

21        26.    It is facially apparent from the class action complaint that the amount

22   in controversy more likely than not exceeds the jurisdictional minimum.

23   Accordingly, the amount in controversy exceeds the $5,000,000 jurisdictional

24   requirement.

25   ///

26   ///

27

28
_____

[1] Plaintiff's Prayer for Relief seeks attorneys' fees for his third and fourth cause of action.

NOTICE OF REMOVAL OF ACTION
CASE NO.

**F.    Timeliness of Removal**

27.    Removal of this action is timely pursuant to 28 U.S.C. section 1446(b)(3) because this Notice of Removal is filed within 30 days after receiving another "paper from which it may first be ascertained that the case is one which is or has become removable." Exhibit 5. Lutz Dec., ¶ 11.

28.    The class action complaint was served on Defendant on September 25, 2020. Exhibit 5. Defendant timely removed this case less than thirty days after service of the class action complaint.

29.    Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California in and for the County of Contra Costa as soon as practicable.

WHEREFORE, Defendant requests that the above-entitled action be removed from the Superior Court of the State of California, County of Contra Costa, to this District Court.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated:  October 23, 2020    By:    /s/ Jennifer N. Lutz
Jennifer N. Lutz, Esq.
Attorneys for Defendant
**TREK RETAIL CORPORATION**
jlutz@pettitkohn.com

2014-2004

7

**CERTIFICATE OF SERVICE**

I hereby certify that the following document(s):

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a) and (b)**

**DECLARATION OF JENNIFER N. LUTZ, ESQ. IN SUPPORT OF DEFENDANT WAL-MART ASSOCIATES, INC. NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a) and (b)**

**DECLARATION OF DAVID DURFEY IN SUPPORT OF DEFENDANT TREK RETAIL CORPORATION'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) and (b)**

**NOTICE OF LODGMENT OF STATE COURT FILE**

**CIVIL COVER SHEET**

was/were served on this date to counsel of record:

[X]    **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ]    **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Justin F. Marquez, Esq.
Bobby Saadian, Esq.
Benjamin H. Haber, Esq.
Rachel J. Vinson, Esq.
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
Tel:   (213) 381-9988
Fax:   (213) 381-9989
Email:justin@wilshirelawfirm.com
        classaction@wilshirelawfirm.com
        benjamin@wilshirelawfirm.com
        rvinson@wilshirelawfirm.com
**Attorneys for Plaintiff**
**RAUL FRIAS-ESTRADA**

Executed on **October 23, 2020**, at San Diego, California.

Kimberly Wood
_____
Kimberly Wood

NOTICE OF REMOVAL OF ACTION
CASE NO.

2014-2004

# EXHIBIT 1



FILED

2020 SEP 22 P 5: 15

CATE BIEKER
C2NTY OF COUNTY COURT
BY          CPPT

PER LOCAL RULE THIS
CASE IS ASSIGNED TO
DEPT          FOR ALL
PURPOSES



Justin F. Marquez, Esq. (SBN 262417)
justin@wilshirelawfirm.com
Bobby Saadian, Esq. (SBN 250377)
classaction@wilshirelawfirm.com
Benjamin H. Haber (SBN 315664)
benjamin@wilshirelawfirm.com
Rachel J. Vinson, Esq. (SBN 331434)
rvinson@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff*

Valpro Attorney Services
1500 W. EL Camino Avenue, #510
Sacramento, CA 95833

FAX FILE

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| RAUL FRIAS-ESTRADA, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>TREK RETAIL CORPORATION, a Wisconsin corporation, and DOES 1 through 10, inclusive,<br><br>*Defendants.* | Case No.: **C20-01916-**<br><br>**CLASS ACTION COMPLAINT:**<br><br>1. Failure to Pay Minimum and Straight Time Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197);<br>2. Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198);<br>3. Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512);<br>4. Failure to Authorize and Permit Rest Periods (Cal. Lab. Code §§ 226.7);<br>5. Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203);<br>6. Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226);<br>7. Failure to Indemnify Employees for Expenditures (Cal. Lab. Code § 2802); and<br>8. Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff Raul Frias-Estrada ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

**INTRODUCTION & PRELIMINARY STATEMENT**

1.    Plaintiff brings this action against Defendant Trek Retail Corporation and Does 1 through 10 (hereinafter collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to indemnify employees for expenditures, failure to pay for all hours worked (minimum, straight time, and overtime wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay final wages, and failure to furnish accurate wage statements.

2.    Plaintiff brings the First through Eighth Causes of Action individually and as a class action on behalf of herself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members," and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendant in California as an hourly-paid or non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3.    Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Contra Costa. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4.    Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

    (a)    Failing to indemnify employees for expenditures incurred in direct discharge of duties of employment;

    (b)    Failing to pay employees for all hours worked, including all minimum wages, straight time wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1

(c)  Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(d)  Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(e)  Willfully failing to pay employees all minimum wages, straight time wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(f)  Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5.    On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.    At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior."

///

///

///

**THE PARTIES**

**A.    Plaintiff**

7.     Plaintiff Raul Frias-Estrada is a resident of Contra Costa County, California who worked for Defendants in Danville, California as an hourly-paid, non-exempt employee from approximately December 9, 2019 to approximately June 20, 2020.

8.     Plaintiff reserves the right to seek leave to amend this complaint to add new Plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

**B.    Defendants**

9.     Plaintiff is informed and believes, and based upon that information and belief allege, that Defendant Trek Retail Corporation is, and at all times herein mentioned, was:

> (a)    A Wisconsin corporation with its principal place of business in Waterloo, Wisconsin.
>
> (b)    A business entity conducting business in numerous counties throughout the State of California, including in Contra Costa County; and,
>
> (c)    The former employer of Plaintiff, and the current and/or former employer of the putative Class because Defendant Trek Retail Corporation suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

10.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sue said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    12.    Plaintiff is informed and believes and thereon alleges that at all relevant times

2    each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and

3    the other employees described in the class definitions below, and exercised control over their

4    wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges

5    that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer,

6    director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest

7    and/or predecessor in interest of some or all of the other Defendants, and was engaged with some

8    or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to

9    some or all of the other Defendants so as to be liable for their conduct with respect to the matters

10    alleged below.  Plaintiff is informed and believe and thereon allege that each Defendant acted

11    pursuant to and within the scope of the relationships alleged above, that each Defendant knew or

12    should have known about, and authorized, ratified, adopted, approved, controlled, aided and

13    abetted the conduct of all other Defendants.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15    13.    Plaintiff worked for Defendants in California as an hourly-paid, non-exempt

16    employee from approximately December 9, 2019 to approximately June 20, 2020.  During

17    Plaintiff's employment for Defendants, Defendants paid Plaintiff an hourly wage and classified

18    him as non-exempt from overtime.  Defendants typically scheduled Plaintiff to work at least 5

19    days in a workweek and at least 8 hours per day, but Plaintiff mostly worked more than 8 hours

20    in a workday and more than 40 hours in a workweek.

21    14.    Throughout Plaintiff's employment, Defendants failed to indemnify Plaintiff for

22    expenditures, failed to pay for all hours worked (including minimum wage, straight time, and

23    overtime wages), failed to provide Plaintiff with meal periods, failed to authorize and permit

24    Plaintiff to take rest periods, failed to pay timely pay all final wages to Plaintiff when Defendants

25    terminated his employment and failed to furnish accurate wage statements to Plaintiff.  As

26    discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

27    15.    Throughout the statutory period, Defendants maintained a policy and practice of

28    not paying Plaintiff and the Class for all hours worked, including minimum wages, straight time

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

4

CLASS ACTION COMPLAINT

1  wages, and overtime wages.  Defendants denied Plaintiff and the Class the opportunity to take

2  their legally mandated uninterrupted 30-minute meal period.  Plaintiff and the Class routinely

3  worked through meal periods "off-the-clock," and Defendants frequently paid Plaintiff and the

4  Class less than all their work time.  Much of this unpaid work should have been paid at the

5  overtime rate.  In failing to pay for all hours worked, Defendants also failed to maintain accurate

6  records of the hours Plaintiff and the Class worked.

7       16.    Throughout the statutory period, Defendants wrongfully failed to include non-

8  discretionary bonuses, commissions, incentive pay, production pay, performance pay, and/or

9  shift differentials in the calculation of Plaintiff's and the other Class Members' regular rate of

10  pay used to calculate their overtime rate for the payment of overtime wages.  Plaintiff and the

11  other Class Members earned non-discretionary bonuses, commissions, incentive pay, production

12  pay, performance pay, and/or shift differentials and overtime wages in the same pay period where

13  they worked overtime hours.  Accordingly, Defendant failed to compensate Plaintiff and the

14  Class for all overtime compensation they were owed.

15       17.   Throughout the statutory period, Defendants wrongfully failed to provide Plaintiff

16  and the Class with legally compliant meal periods.  Defendants regularly, but not always,

17  required Plaintiff and the Class to work in excess of five consecutive hours a day without

18  providing a 30-minute, uninterrupted, and duty-free meal period for every five hours of work, or

19  without compensating Plaintiff and the Class for meal periods that were not provided by the end

20  of the fifth hour of work or tenth hour of work.  Instead, Defendants continued to assert control

21  over Plaintiff and the Class by requiring, pressuring, or encouraging them to perform work tasks

22  which could not be completed without working in lieu of taking mandatory meal periods, or by

23  denying Plaintiff and the Class permission to take a meal period.  Defendants also never

24  informed Plaintiff of his right to, nor permitted him to take, a second meal period when Plaintiff

25  worked at least 10 hours of work in a workday.  Accordingly, Defendants' policy and practice

26  was not to provide meal periods to Plaintiff and the Class in compliance with California law.

27       18.    Throughout the statutory period, Defendants have wrongfully failed to authorize

28  and permit Plaintiff and the Class to take legally compliant rest periods.  Defendants regularly

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1   required Plaintiff and the Class to work in excess of four consecutive hours a day without

2   Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest

3   period for every four hours of work (or major fraction of four hours), or without compensating

4   Plaintiff and the Class for rest periods that were not authorized or permitted.  Instead, Defendants

5   continued to assert control over Plaintiff and the Class by requiring, pressuring, or encouraging

6   them to perform work tasks which could not be completed without working in lieu of taking

7   mandatory rest periods, or by denying Plaintiff and the Class permission to take a rest period.

8   Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the

9   Class to take rest periods in compliance with California law.

10         19.    Throughout the statutory period, Defendants willfully failed and refused to timely

11   pay Plaintiff and the Class at the conclusion of their employment all final wages due at their

12   termination of employment.  In addition, Plaintiff's final paychecks did not include payment for

13   all expenditures, minimum wages, straight time wages, overtime wages, meal period premium

14   wages, and rest period premium wages owed to his by Defendants at the conclusion of his

15   employment.  On information and belief, Defendants' failure to timely pay Plaintiff's final wages

16   when their employment terminated was not a single, isolated incident, but was instead consistent

17   with Defendants' policy and practice that applied to Plaintiff and the Class.

18         20.    Throughout the statutory period, Defendants failed to furnish Plaintiff and the

19   Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross

20   and net wages earned (including correct hours worked, correct wages for meal periods that were

21   not provided in accordance with California law, and correct wages for rest periods that were not

22   authorized and permitted to take in accordance with California law).  As a result of these

23   violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because,

24   among other things:

25         (a)    the violations led them to believe that they were not entitled to be paid

26                minimum wages, straight time wages, overtime wages, meal period

27                premium wages, and rest period premium wages, even though they were

28                entitled;

(b)   the violations led them to believe that they had been paid the minimum, straight time, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c)   the violations led them to believe they were not entitled to be paid minimum, straight time, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d)   the violations led them to believe they had been paid minimum, straight time, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e)   the violations hindered them from determining the amounts of minimum, straight time, overtime, meal period premium, and rest period premium wages owed to them;

(f)   in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)   by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)   the wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e).

21.   Throughout the statutory period, Defendants have wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

7

1  Defendants. Plaintiff and the Class regularly paid out-of-pocket for necessary expenses,

2  including, without limitation, work attire, gas mileage, and work-related used of personal phones.

3      22.    Plaintiff and the Class incurred substantial expenses as a direct result of

4  performing their job duties for Defendants, but Defendants failed to indemnify Plaintiff and the

5  Class for these employment-related expenses.

6                          **CLASS ACTION ALLEGATIONS**

7      23.    Plaintiff brings certain claims individually, as well as on behalf of each and all

8  other persons similarly situated, and thus, seeks class certification under California Code of Civil

9  Procedure § 382.

10     24.    All claims alleged herein arise under California law for which Plaintiff seeks relief

11  authorized by California law.

12     25.    The proposed Class consists of and is defined as:

13  All persons who worked for any Defendant in California as an hourly-paid or
   non-exempt employee at any time during the period beginning four years before
14  the filing of the initial complaint in this action and ending when notice to the
   Class is sent.

16     26.    At all material times, Plaintiff was a member of the Class.

17     27.    Plaintiff undertakes this concerted activity to improve the wages and working

18  conditions of all Class Members.

19     28.    There is a well-defined community of interest in the litigation and the Class is

20  readily ascertainable:

21          (a)   Numerosity: The members of the Class (and each subclass, if any) are so

22                numerous that joinder of all members would be unfeasible and impractical.

23                The membership of the entire Class is unknown to Plaintiff at this time;

24                however, the Class is estimated to be greater than 40 individuals and the

25                identity of such membership is readily ascertainable by inspection of

26                Defendants' records.

27          (b)   Typicality: Plaintiff is qualified to, and will, fairly and adequately protect

28                the interests of each Class Member with whom there is a shared, well-

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

8

defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c)     Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no conflicts with or interests antagonistic to any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)     Superiority: A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2)     The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3)     The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4)     The difficulties likely to be encountered in the management of a class action.

(e)     Public Policy Considerations: The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action. Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are also fearful of bringing actions because they believe their former

9

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1  employers might damage their future endeavors through negative

2  references and/or other means.  Class actions provide the class members

3  who are not named in the complaint with a type of anonymity that allows

4  for the vindication of their rights at the same time as their privacy is

5  protected.

6    29.    There are common questions of law and fact as to the Class (and each subclass, if

7  any) that predominate over questions affecting only individual members, including without

8  limitation, whether, as alleged herein, Defendants have:

9    (a)    Failed to indemnify Class Members for expenditures;

10   (b)    Failed to pay Class Members for all hours worked, including minimum,

11   straight time, and overtime wages;

12   (c)    Failed to include non-discretionary bonuses, commissions, monetary and

13   non-monetary incentives, production pay, performance pay, and/or shift

14   differentials in the calculation of the Class Members' regular rate of pay

15   used to calculate the overtime rate for the payment of overtime wages;

16   (d)    Failed to provide meal periods and pay meal period premium wages to

17   Class Members;

18   (e)    Failed to authorize and permit rest periods and pay rest period premium

19   wages to Class Members;

20   (f)    Failed to provide Class Members with timely final wages;

21   (g)    Failed to provide Class Members with accurate wage statements; and

22   (h)    Violated California Business & Professions Code §§ 17200 *et. seq.* as a

23   result of their illegal conduct as described above.

24   30.    This Court should permit this action to be maintained as a class action pursuant to

25  California Code of Civil Procedure § 382 because:

26   (a)    The questions of law and fact common to the Class predominate over any

27   question affecting only individual members;

28   (b)    A class action is superior to any other available method for the fair and

10

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    efficient adjudication of the claims of the members of the Class;

2    (c)    The members of the Class are so numerous that it is impractical to bring all

3    members of the class before the Court;

4    (d)    Plaintiff, and the other members of the Class, will not be able to obtain

5    effective and economic legal redress unless the action is maintained as a

6    class action;

7    (e)    There is a community of interest in obtaining appropriate legal and

8    equitable relief for the statutory violations, and in obtaining adequate

9    compensation for the damages and injuries for which Defendants are

10    responsible in an amount sufficient to adequately compensate the members

11    of the Class for the injuries sustained;

12    (f)    Without class certification, the prosecution of separate actions by

13    individual members of the class would create a risk of:

14    1)    Inconsistent or varying adjudications with respect to individual

15    members of the Class which would establish incompatible standards

16    of conduct for Defendants; and/or

17    2)    Adjudications with respect to the individual members which would,

18    as a practical matter, be dispositive of the interests of other

19    members not parties to the adjudications, or would substantially

20    impair or impede their ability to protect their interests, including but

21    not limited to the potential for exhausting the funds available from

22    those parties who are, or may be, responsible Defendants; and,

23    (g)    Defendants have acted or refused to act on grounds generally applicable to

24    the Class, thereby making final injunctive relief appropriate with respect to

25    the class as a whole.

26    31.    Plaintiff contemplates the eventual issuance of notice to the proposed members of

27    the Class that would set forth the subject and nature of the instant action. The Defendants' own

28    business records may be utilized for assistance in the preparation and issuance of the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

11

1  contemplated notices.  To the extent that any further notices may be required, Plaintiff

2  contemplates the use of additional techniques and forms commonly used in class actions, such as

3  published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by

4  other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

**FIRST CAUSE OF ACTION**

**(Against all Defendants for Failure to Pay Minimum and Straight Time Wages for All Hours Worked)**

8      32.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

9  paragraphs 1 through 22 in this Complaint.

10     33.    "Hours worked" is the time during which an employee is subject to the control of

11  an employer, and includes all the time the employee is suffered or permitted to work, whether or

12  not required to do so.

13     34.    At all relevant times herein mentioned, Defendants knowingly failed to pay to

14  Plaintiff and the Class compensation for all hours they worked.  By their failure to pay

15  compensation for each hour worked as alleged above, Defendants willfully violated the

16  provisions of California Labor Code § 1194, and any additional applicable Wage Orders, which

17  require such compensation to non-exempt employees.

18     35.    Accordingly, Plaintiff and the Class are entitled to recover minimum and straight

19  time wages for all non-overtime hours worked for Defendants.

20     36.    By and through the conduct described above, Plaintiff and the Class have been

21  deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

22     37.    By virtue of the Defendants' unlawful failure to pay additional compensation to

23  Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class

24  suffered, and will continue to suffer, damages in amounts which are presently unknown to

25  Plaintiff and the Class and which will be ascertained according to proof at trial.

26     38.    By failing to keep adequate time records required by California Labor Code §

27  1174(d), Defendants have made it difficult to calculate the full extent of minimum wage

28  compensation due Plaintiff and the Class.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

12

39. Pursuant to California Labor Code § 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

40. California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum and straight time wages. However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due and failed to pay those wages twice a month.

41. Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

42. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

43. California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

44. California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

45. At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

46. At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code §§ 510 and 1198.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

13

CLASS ACTION COMPLAINT

47.     At all times relevant hereto, Defendant failed to include non-discretionary bonuses, commissions, monetary and non-monetary incentives, production pay, performance pay, and/or shift differentials in the calculation of Plaintiff's and the other Class Members' regular rate of pay used to calculate the overtime rate for the payment of overtime wages.

48.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

49.     By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

50..     Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

51.     California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

<u>**THIRD CAUSE OF ACTION**</u>

**(Against all Defendants for Failure to Provide Meal Periods)**

52.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

53.     Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    periods no later than the start of the eleventh hour of work in the workday.  California Labor

2    Code § 512, and Section 11 of the applicable Wage Orders require that an employer provide

3    unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a violation of

4    California Labor Code § 226.7 for an employer to require any employee to work during any meal

5    period mandated under any Wage Order.

6        54.    Despite these legal requirements, Defendants regularly failed to provide Plaintiff

7    and the Class with both meal periods as required by California law.  By their failure to permit

8    and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact

9    that Defendants made it impossible or impracticable to take these uninterrupted meal periods),

10    Defendants willfully violated the provisions of California Labor Code § 226.7 and the applicable

11    Wage Orders.

12        55.    Under California law, Plaintiff and the Class are entitled to be paid one hour of

13    additional wages for each workday he or she was not provided with all required meal period(s),

14    plus interest thereon.

15    **FOURTH CAUSE OF ACTION**

16    **(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

17        56.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

18    paragraphs 1 through 22 in this Complaint.

19        57.    Defendants are required by California law to authorize and permit breaks of 10

20    uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than

21    two hours). California Labor Code § 512, the applicable Wage Orders require that the employer

22    permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour

23    period worked.  Thus, for example, if an employee's work time is 6 hours and ten minutes, the

24    employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is

25    itself a violation of California's rest break laws.  It is a violation of California Labor Code §

26    226.7 for an employer to require any employee to work during any rest period mandated under

27    any Wage Order.

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

15
CLASS ACTION COMPLAINT

1    58.    Despite these legal requirements, Defendants failed to authorize Plaintiff and the

2    Class to take rest breaks, regardless of whether employees worked more than 4 hours in a

3    workday.  By their failure to permit and authorize Plaintiff and the Class to take rest periods as

4    alleged above (or due to the fact that Defendants made it impossible or impracticable to take

5    these uninterrupted rest periods), Defendants willfully violated the provisions of California Labor

6    Code § 226.7 and the applicable Wage Orders.

7    59.    Under California law, Plaintiff and the Class are entitled to be paid one hour of

8    premium wages rate for each workday he or she was not provided with all required rest break(s),

9    plus interest thereon.

10    **FIFTH CAUSE OF ACTION**

11    **(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time**

12    **Penalties)**

13    60.    Plaintiff incorporates by reference and re-allege as if fully stated herein

14    paragraphs 1 through 22 in this Complaint.

15    61.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if

16    an employer discharges an employee, the wages earned and unpaid at the time of discharge are

17    due and payable immediately, and that if an employee voluntarily leaves his or her employment,

18    his or his wages shall become due and payable not later than seventy-two (72) hours thereafter,

19    unless the employee has given seventy-two (72) hours previous notice of his or his intention to

20    quit, in which case the employee is entitled to his or her wages at the time of quitting.

21    62.    Within the applicable statute of limitations, the employment of many other

22    members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of

23    others will be.  However, during the relevant time period, Defendants failed, and continue to fail

24    to pay terminated Class Members, without abatement, all wages required to be paid by California

25    Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72)

26    hours of their leaving Defendants' employ.

27    63.    Defendants' failure to pay those Class members who are no longer employed by

28    Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72)

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

16

1    hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and

2    202.

3        64.    California Labor Code § 203 provides that if an employer willfully fails to pay

4    wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

5    continue as a penalty wage from the due date, and at the same rate until paid or until an action is

6    commenced; but the wages shall not continue for more than thirty (30) days.

7        65.    The Class is entitled to recover from Defendants their additionally accruing wages

8    for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum

9    pursuant to California Labor Code § 203.

10       66.    Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, the Class is also

11   entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this

12   action.

### SIXTH CAUSE OF ACTION

### (Against all Defendants for Failure to Provide and Maintain Accurate and

### Compliant Wage Records)

16       67.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

17   paragraphs 1 through 22 in this Complaint.

18       68.    At all material times set forth herein, California Labor Code § 226(a) provides that

19   every employer shall furnish each of his or his employees an accurate itemized wage statement in

20   writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours

21   worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate

22   if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made

23   on written orders of the employee may be aggregated and shown as one item, (5) net wages

24   earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

25   employee and the last four digits of his or his social security number or an employee

26   identification number other than a social security number, (8) the name and address of the legal

27   entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and

28   the corresponding number of hours worked at each hourly rate by the employee.

69.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

70.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily protected rights.

71.    Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

72.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

73.    Plaintiff and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

74.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

**SEVENTH CAUSE OF ACTION**

**(Against all Defendants for Failure to Indemnify Employees for Expenditures)**

75.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 of this Complaint.

76.    As set forth above, Plaintiff and the Class were required to incur substantial necessary expenditures and losses in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

18

77.     Defendants violated California Labor Code § 2802, by failing to pay and indemnify Plaintiff and the Class for necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

78.     As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

79.     Plaintiff and the Class are entitled to reasonable attorney's fees, expenses, and costs of suit pursuant to California Labor Code § 2802(c) and interest pursuant to California Labor Code § 2802(b).

## EIGHTH CAUSE OF ACTION

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

80.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

81.     Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

82.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

83.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*

84.     A violation of California Business & Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

**Failure to Pay Minimum and Straight Time Wages**

85.     Defendants' failure to pay minimum wages, straight time wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Pay Overtime Wages**

86.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Provide Meal Periods**

87.     Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Authorize and Permit Rest Periods**

88.     Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq.*

**Failure to Provide Accurate Itemized Wage Statements**

89.     Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Indemnify Business Expenses**

90.     Defendants' failure to reimburse expenses incurred in accordance with California Labor Code § 2802, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200 *et seq.*

91.     By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

92.    Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

93.    Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

94.    Plaintiff, individually, and on behalf of members of the putative class, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

95.    Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

96.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

97.    Pursuant to California Business & Professions Code §§ 17200, *et seq*., Plaintiff and putative Class Members is entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure §

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

21

1  1021.5 and other applicable laws; and an award of costs.

2  **PRAYER FOR RELIEF**

3  Plaintiff, individually, and on behalf of all others similarly situated only with respect to

4  the class claims, pray for relief and judgment against Defendants, jointly and severally, as

5  follows:

6  Class Certification

7  1.   That this action be certified as a class action with respect to the First, Second,

8  Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

9  2.   That Plaintiff be appointed as the representative of the Class; and

10  3.   That counsel for Plaintiff be appointed as Class Counsel.

11  As to the First Cause of Action

12  4.   That the Court declare, adjudge, and decree that Defendants violated California

13  Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all

14  minimum and straight time wages due;

15  5.   For unpaid wages as may be appropriate;

16  6.   For pre-judgment interest on any unpaid compensation commencing from the date

17  such amounts were due;

18  7.   For liquidated damages;

19  8.   For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

20  California Labor Code § 1194(a); and,

21  9.   For such other and further relief as the Court may deem equitable and appropriate.

22  As to the Second Cause of Action

23  10.  That the Court declare, adjudge, and decree that Defendants violated California

24  Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all

25  overtime wages due;

26  11.  For unpaid wages at overtime wage rates as may be appropriate;

27  12.  For pre-judgment interest on any unpaid overtime compensation commencing

28  from the date such amounts were due;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

15. That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16. For unpaid meal period premium wages as may be appropriate;

17. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

20. That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21. For unpaid rest period premium wages as may be appropriate;

22. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

24. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

25. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

26. For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

27.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

28.     For reasonable attorneys' fees and for costs of suit incurred herein; and

29.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30.     That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

31.     For all actual damages, according to proof;

32.     For statutory penalties pursuant to California Labor Code § 226(e);

33.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

34.     For reasonable attorneys' fees and for costs of suit incurred herein; and

35.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

1.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code § 2802 by willfully failing to indemnify employees for expenditures;

2.     For unpaid wages or reimbursed business expenses as may be appropriate;

3.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

4.     For liquidated damages;

5.     For reasonable attorneys' fees and for costs of suit incurred herein; and,

6.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Eighth Cause of Action

7.     That the Court declare, adjudge, and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay for all hours worked (minimum, straight time, and overtime wages), failing to provide meal periods, and failing to authorize and permit rest periods;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT

1    8.    For restitution of unpaid wages to Plaintiff and all Class Members and

2    prejudgment interest from the day such amounts were due and payable;

3    9.    For the appointment of a receiver to receive, manage and distribute any and all

4    funds disgorged from Defendants and determined to have been wrongfully acquired by

5    Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

6    10.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

7    California Code of Civil Procedure § 1021.5;

8    11.    For injunctive relief to ensure compliance with this section, pursuant to California

9    Business & Professions Code §§ 17200, *et seq.*; and,

10    12.    For such other and further relief as the Court may deem equitable and appropriate.

11                            As to all Causes of Action

12    13.    For any additional relief that the Court deems just and proper.

13

14                                Respectfully submitted,

15    Dated: September 21, 2020          **WILSHIRE LAW FIRM**

16

17    By: _____
                                      Justin F. Marquez
18                                    Bobby Saadian
                                      Benjamin H. Haber
19                                    Rachel J. Vinson

20                                    **Attorneys for Plaintiff Raul Frias-Estrada**

21                            **DEMAND FOR JURY TRIAL**

22    Plaintiff demands a trial by jury as to all causes of action triable by jury.

23    Dated: September 21, 2020          **WILSHIRE LAW FIRM**

24

25    By: _____
                                      Justin F. Marquez
26                                    Bobby Saadian
                                      Benjamin H. Haber
27                                    Rachel J. Vinson

28                                    **Attorneys for Plaintiff Raul Frias-Estrada**

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

25
CLASS ACTION COMPLAINT

# EXHIBIT 2





Valpro Attorney Services
1500 W. El. Camino Avenue, #510
Sacramento, CA 95833

SEP 2 5 2020

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TREK RETAIL CORPORATION, a Wisconsin corporation, and DOES SEP 22  P 5: 16
1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RAUL FRIAS-ESTRADA, individually, and on behalf of all others similarly
situated,

INTERSENER
EXPRESSION COURT
CONTRA COSTA CA

COURT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Contra Costa Superior Court | CASE NUMBER: *(Número del Caso):* **01916-** |
|---|---|

Wakefield Taylor Courthouse
725 Court Street, Martinez, California 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Justin F. Marquez, Wilshire Law Firm, 3055 Wilshire Blvd., 12th Fl., Los Angeles, CA 90010; (213) 381-9988

| DATE: **SEP 2 2 2020** *(Fecha)* | Clerk, by *(Secretario)* | **C. A. JACALA** | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   Trek Retail Corporation, a Wisconsin corporation

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*   SEP 2 6 2020
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT 5**

35

# EXHIBIT 3

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Tuesday, October 20, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C4245367    TREK RETAIL CORPORATION

| | |
|---|---|
| **Registration Date:** | 02/19/2019 |
| **Jurisdiction:** | WISCONSIN |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 801 W. MADISON ST. |
| | WATERLOO WI 53594 |
| **Entity Mailing Address:** | 801 W. MADISON ST. |
| | WATERLOO WI 53594 |

🛒 **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of February.

| Document Type ⬍ | File Date ⬇ | PDF |
|---|---|---|
| SI-COMPLETE | 10/18/2019 | |
| REGISTRATION | 02/19/2019 | |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| **Modify Search** | **New Search** | **Back to Search Results** |
|---|---|---|

**EXHIBIT 3**
**36**

1/1

# EXHIBIT 4

# Wisconsin Department of Financial Institutions
## Strengthening Wisconsin's Financial Future

Search for:

Trek Retail Corporation

[Search Records]

Search
Advanced Search
Name Availability

**Corporate Records**                    Result of lookup for **T036390** (at 10/21/2020 1:28 PM )

# TREK RETAIL CORPORATION

You can: File an Annual Report - Request a Certificate of Status - File a Registered Agent/Office Update Form

**Vital Statistics**

| | |
|---|---|
| **Entity ID** | T036390 |
| **Registered Effective Date** | 02/24/2004 |
| **Period of Existence** | PER |
| **Status** | Restored to Good Standing   Request a Certificate of Status |
| **Status Date** | 02/08/2019 |
| **Entity Type** | Domestic Business |
| **Annual Report Requirements** | Business Corporations are required to file an Annual Report under s.180.1622 WI Statutes. |

**Addresses**

| | |
|---|---|
| **Registered Agent Office** | C T CORPORATION SYSTEM<br>301 S BEDFORD ST<br>STE 1<br>MADISON , WI 53703-3691<br><br>File a Registered Agent/Office Update Form |
| **Principal Office** | 801 W MADISON ST<br>WATERLOO , WI 53594-1379 |

**Historical Information**

**Annual Reports**

| Year | Reel | Image | Filed By | Stored On |
|---|---|---|---|---|
| 2020 | 000 | 0000 | online | database |
| 2019 | 000 | 0000 | online | database |
| 2017 | 000 | 0000 | online | database |
| 2016 | 000 | 0000 | online | database |
| 2015 | 000 | 0000 | online | database |
| 2014 | 000 | 0000 | online | database |
| 2013 | 000 | 0000 | online | database |
| 2012 | 000 | 0000 | online | database |

**EXHIBIT 4**
**37**

| 2011 | 000 | 0000 | online | database |
|------|-----|------|--------|----------|
| 2010 | 000 | 0000 | online | database |
| 2009 | 000 | 0000 | online | database |
| 2008 | 000 | 0000 | online | database |
| 2007 | 000 | 0000 | online | database |
| 2006 | 000 | 0000 | online | database |

File an Annual Report - Order a Document Copy

**Certificates of Newly-elected Officers/Directors**    None

**Old Names**    None

**Chronology**

| Effective Date | Transaction | Filed Date | Description |
|----------------|-------------|------------|-------------|
| 02/24/2004 | Incorporated/Qualified/Registered | 02/25/2004 | ***RECORD IMAGED*** |
| 01/01/2006 | Delinquent | 01/01/2006 | |
| 01/17/2006 | Restored to Good Standing | 01/17/2006 | E-Form |
| 01/17/2006 | Change of Registered Agent | 01/17/2006 | FM16-E-Form |
| 10/18/2007 | Change of Registered Agent | 10/18/2007 | Bulk Filing |
| 03/12/2008 | Change of Registered Agent | 03/12/2008 | FM16-E-Form |
| 01/30/2012 | Change of Registered Agent | 01/30/2012 | FM16-E-Form |
| 07/22/2014 | Change of Registered Agent | 07/22/2014 | Bulk Filing |
| 02/11/2015 | Change of Registered Agent | 02/11/2015 | FM16-E-Form |
| 03/08/2017 | Change of Registered Agent | 03/08/2017 | Form16 OnlineForm |
| 05/10/2017 | Change of Registered Agent | 04/26/2017 | Bulk Filing |
| 01/01/2019 | Delinquent | 01/01/2019 | |
| 02/08/2019 | Change of Registered Agent | 02/08/2019 | Form16 OnlineForm |
| 02/08/2019 | Restored to Good Standing | 02/08/2019 | Form16 OnlineForm |

Order a Document Copy

# EXHIBIT 5

 **CT Corporation**

**Service of Process Transmittal**
09/25/2020
CT Log Number 538303601

**TO:**  Mike Fitzgerald
Trek Bicycle Corporation
801 W Madison St
Waterloo, WI 53594-1379

**RE:**  **Process Served in California**

**FOR:**  Trek Retail Corporation  (Domestic State: WI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Raul Frias-Estrada, individually and on behalf of all others similarly situated, Pltf. vs. Trek Retail Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # C2001916 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/25/2020 at 12:04 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780103093595 |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of  1 / VS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT 5**

**39**